No. SR-CV-54-93

# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

**Reservation Business Services,**
**Petitioner,**
**v.**
**Jasper Barber and Victoria Barber,**
**Respondents.**
**Decided May 30, 1995**

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER came before the Court on an order to Show Cause hearing on March 08, 1995 and upon accepting testimony and upon a review of the record, the Court FINDS:

1. On May 13, 1993, Reservation Business Services (hereinafter RBS) filed a Petition for Repossession of Personal Property against Jasper and Victoria Barber (hereinafter Barbers). This suit waa originally filed in the Tuba City District Court on January 03, 1993; it was dismissed, however, for improper venue. See *Reservation Business Services v. Barber*, No. TC-CV-09-93.

2. On July 07, 1993, the Barbers filed an answer and counterclaim alleging abuse of process, intentional infliction of emotional distress and violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, *et seq.*, thereby claiming actual, statutory and punitive damages.

3. On August 12, 1993, the Barbers submitted Notice of Service of Respondents' First Set of Interrogatories and Requests for Production and Answers Thereto.

4. On September 08, 1993, RBS filed a "Motion for Dismissal Of Respondent's Counterclaim" and a "Memorandum in Support of Motion for Judgment on the Pleadings on Motion for a More Definite Statement." The Barbers responded by filing a Motion for a More Definite Statement on September 22, 1993. RBS then filed a Motion to Correct Clerical Error. Said motion was granted by the Court and resulted in a withdrawal of the Barbers' Motion for a More Definite Statement on October 11, 1993.

5. RBS served its interrogatory responses upon the Barbers on September 14, 1993. On October 08, 1993, the Barbers filed a Motion to Compel Discovery asserting that RBS, in effect, failed to answer several interrogatories (numbers 1, 2, 3, 14). RBS based its refusal to respond on the grounds of burdensomeness, revelance, and stated the "matter of public record," without providing specific reasons. The Barbers further asserted that RBS failed to produce certain finan-

cial information requested in interrogatory number 13. The Barbers also requested reasonable attorney fees, costs and an expedited hearing.

6. On January 20, 1994, Jane A. Butler filed an Entry of Appearance as co-counsel on behalf of RBS. Prior to Butler's entry as counsel, Larry Kee Yazzie was RBS' sole legal representative.

7. On May 18, 1994, a hearing was set to hear: a) RBS' Motion to Dismiss; and b) Barber's Motion to Compel Discovery. However, counsel for RBS, Larry Kee Yazzie, filed for a continuance on May 16, 1994. A continuance was granted. Counsels for both parties were given adequate notice of the hearing rescheduled to June 27, 1994.

8. A hearing was held on June 27, 1994. RBS did not appear. Based on the argument presented by the Barbers and the pleadings, the Court issued an order denying RBS' motion to dismiss and granted the Barbers' Motion to Compel Discovery on July 08, 1994. RBS was ordered to respond to the interrogatories and to produce information requested within 30 days. Said order also granted Barbers' request for attorney's fees and costs in the amount of $1,056.64 to be paid within 30 days.

9. RBS filed a Motion to Reconsider the July 08 order. The Court denied the motion on August 17, 1994.

10. On September 08, 1994, the Barbers filed a Motion for Order to Show Cause why RBS was not in compliance with the July 08 order. Prior to the Order to Show Cause hearing, the Barbers filed a Motion to withdraw the Order to Show Cause Motion on September 23, 1994. RBS had agreed to pay attorney's fees and to comply with the discovery request as ordered by the Court. The Motion to Withdraw the Order to Show Cause was granted.

11. On January 9, 1995, RBS responded partially to the discovery request. On February 09 1995, the Barbers, for the second time, filed a Motion for Order to Show Cause against RBS for partially complying with the July 08, 1994 order. The Court granted the motion and scheduled another Order to Show Cause hearing on March 08, 1995.

12. On March 03, 1995, RBS filed a Motion for Reconsideration of the Order to Show Cause, alleging that the Court did not allow RBS time to respond to the Show Cause motion and stated that "the Court prematurely entered its order in violation of the Navajo Tribal Court Rules of Civil Procedure" by granting Defendant's Order to Show Cause request.

13. RBS in its Memorandum in Support of the Motion for Reconsideration, for the first time raised the issue that the Barbers failed to present a prima facie showing of sufficient facts to support a claim for liability on punitive damages, therefore claiming the financial information requested by the Barbers was beyond the scope of discovery.

14. On March 07, 1995, RBS filed a Motion for Entry of Stay pending resolution of a certified question in the matter of *Reservation Business Services v. Austin and Elizabeth Albert*, No. TC-CV-74-93.

15. An Order to Show Cause hearing was held on March 08, 1995; wherein, the parties stipulated to the following:

> 1. The Order to Show Cause and Request for Sanctions are hereby VACATED
>
> 2. RBS shall within twenty (20) days file with the Court in a sealed envelope the answers to interrogatories twelve and thirteen which shall not be disclosed to the Barbers until such time as the Barbers have made a prima facie case for punative damages.
>
> 3. RBS shall make good faith efforts to obtain the information sought in interrogatories twelve and thirteen.
>
> 4. In the event that RBS cannot within twenty (20) days obtain the requested information, then RBS shall immediately notify the Court and the Barbers of their inability to obtain the information.

## CONCLUSIONS OF LAW

Reservation Business Services failed to respond to two discovery requests by the Barbers which has generated a discovery dispute. RBS asserts that the Barbers' interrogatories for RBS' income tax returns, financial statements, audit reports and balance sheets for 1991 and 1992 were irrelevant, and unduly burdensome; nor are they an issue litigated in any claim or counterclaim before the Court.

Written interrogatories are a discovery device. The purpose of discovery is to facilitate the administration of justice and to aid a party in preparing and presenting his/her case or his/her defense. Discovery is intended to expedite the dispostion of the litigation by narrowing and clarifying the facts and issues so that the parties may reach a settlement or avoid surprises that may cause delay. 23 Am. Jur. 2d *Depositions and Discovery* Sec. 1 (1983).

The scope of discovery is very broad. Rules governing discovery are liberally construed in favor of disclosure so that the various purposes of discovery are accomplished. *Id.*, Sec. 3. Discovery in this Court is governed by Rules 26-37 of the Navajo Rules of Civil Procedure. Parties may discover "any relevant matter ... which pertains to any fact or issue involved in the pending action." Rule 26, Nav. R. Civ. P.

A party who fails to comply with the discovery rules is subject to sanctions as provided in Nav. R. Civ. P 37. The purposes of imposing sanctions under Rule 37 are: 1) to assure future compliance with discovery rules; 2) to punish past discovery failures; and 3) to compensate the offended party for expenses incurred due to another party's failure to properly allow discovery. *Id.*, Sec. 357. The Court also has discretion to impose particular sanctions depending on the circumstances giving rise to the sanctions. *Four Corners Auto Sales, Inc. et al. v. Begay*, 4 Nav. R. 100 (1983).

In the case at bar, RBS' first response (September 14, 1993) to certain inter-

rogatories did not give any specific reasons why it objected to the request. Rule 33(c), Nav.R.Civ.P., requires that reasons for objecting shall be stated in place of the answer. Plaintiff merely stated that the requests were irrelevant and overly burdensome. Such vague answers, without more, do not constitute an objection. Thus, it was proper for the Barbers to file a Motion to Compel Discovery pursuant to Rule 33(f), Nav.R.Civ.P., which provides that a party submitting interrogatories may move for an order under Rule 37 with respect to any objection to or other failure to answer an interrogatory.

A hearing was held on June 27, 1994 to hear two issues: 1) RBS' Motion to Dismiss the Barbers' Counterclaim, and 2) The Barbers' Motion to Compel Discovery. Proper notice was provided to both parties, however, RBS did not appear for the hearing. RBS missed an opportunity to argue the issues it raised in its Motion to Dismiss. RBS also missed the opportunity to give reasons why it objected to certain discovery requests. The Court upon examination of the pleading and accepting oral argument from the Barbers denied the Motion to Dismiss and granted the Motion to Compel Discovery. The Court, in its discretion, granted the Barbers' request for attorney fees and costs as a sanction for failure of RBS to appear when proper notice had been provided. The Court issued an order dated July 8, 1994 on the foregoing decision.

RBS filed a Motion to Reconsider the July 08 Order (hereinafter Order) on the grounds of excusable neglect. RBS asserted that it did not appear at the June 27 hearing because former co-counsel, Jane Butler, did not inform Larry Kee Yazzie of the hearing date. The Motion to Reconsider was denied because counsels have a duty to keep one another informed of the proceedings. Moreover, an exercise of due diligence should make it incumbent upon Mr. Yazzie to find out when the Court scheduled the hearing especially when he was the counsel who requested for a continuance of the May 18, 1994 hearing. Most importantly, however, is that Mr. Yazzie received Notice of Hearing according to the Court records.

The Barbers filed a Motion for Order to Show Cause on September 20, 1994 upon RBS' failure to comply with the Order. However, the Order to Show Cause motion was withdrawn on September 23 after RBS agreed to: 1) pay $1,056.64 to the Barbers for attorney's fees and costs as ordered by the Court, and 2) comply with the Order to Compel Discovery.

The Barbers found it necessary to file a second Motion for Order to Show Cause (February 09, 1995) after they received RBS' partial response to the interrogatories. On February 16, 1995, RBS responded to the Order to Show Cause by stating that the Court acted prematurely by not allowing RBS to respond to the Order to Show Cause. RBS misconstrues the proceedings and purpose of a show cause hearing. A party may motion to Court to order another party to show cause why he or she is not in compliance with a valid Court order. An affadavit is submitted along with the application to show cause. Upon receipt of an adequate motion, the Court will issue an Order to Show Cause and set a hearing. The Order to Show Cause hearing provides the responding party with an opportunity to give

reasons why he or she is not in compliance with the Court order. Thus, it is not required by the Navajo Rules of Civil Procedure to allow the responding party to respond to an Order to Show Cause motion prior to setting an Order to Show Cause hearing.

RBS further asserted that the Barbers' requests number 12 and 13 were inappropriate and non-discoverable. This was the first pleading submitted by RBS that actually stated a reason why such requests were beyond the scope of discovery. RBS cited authority to establish that the financial information requested was undiscoverable because the Barbers failed to present a prima facie showing of sufficient facts to support a claim for liability on punative damages. Prior to February 16, 1995, RBS did not provide any reasons for objecting to the financial information requested, nor did it make a request to the Court for a protective order or raise any other remedies available under the discovery rules.

In light of the repeated attempts to get RBS to comply with discovery and RBS' reluctance to use appropriate remedies available under the discovery rules, the Court is of the opinion that RBS is not taking the Court seriously. Repeated efforts to conduct discovery has taken up the Barbers' resources and the Court's resources as well. Hence, in light of the circumstances, the Court will allow the July 8 Order to remain intact, subject to the parties' stipulation entered on March 08, 1995.

IT IS THEREFORE ORDERED that the July 08, 1994 order remain intact subject to the stipulated agreement the parties entered into at the March 08, 1995 Order to Show Cause Hearing.

IT IS FURTHER ORDERED that the Motion to Stay Proceedings pending the outcome of *Reservation Business Services v. Austin and Elizabeth Albert* is moot since the Navajo Nation Supreme Court has issued an opinion.

IT IS FURTHER ORDERED that the Respondents will be allowed to make a prima facie showing of RBS' liability for punative damages to be used to determine whether certain financial information is discoverable or not.

IT IS FURTHER ORDERED that a pre-trial conference be scheduled in order that a prima facie showing be made. The Motion to Enforce Agreement is an issue to be reviewed at the pre-trial conference.